PUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| LUIS QUERO, | : |
| | : |
| Plaintiff, | : |
| | : |
| -v- | : |
| | : |
| 4260 BROADWAY CONDOMINIUM, *et. al*, | : |
| | : |
| Defendants. | : |

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/18/2017_____

**ORDER SCHEDULING**
**SETTLEMENT CONFERENCE**

16-CV-7227 (VSB) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

By Order of Reference dated April 17, 2017 (Dkt. No. 22), Judge Broderick referred this

case to me for settlement.  A settlement conference will be held before me on **June 1, 2017** at

**10:00 a.m.** in Courtroom 21D, United States Courthouse, 500 Pearl Street, New York, New

York.  If the parties wish to hold the settlement conference on another date, they may contact

chambers with several alternative dates.

The Court's "Standing Order for All Cases Referred for Settlement to Magistrate Judge

James L. Cott" is enclosed and is incorporated herein by reference.  Please read the Standing

Order carefully.  The parties are directed to pay particular attention to paragraph 5, which sets

forth who must appear at the conference on behalf of a corporate party.  The parties should also

note that paragraph 3 of the Standing Order requires *ex parte* written submissions to be filed five

(5) business days prior to the conference, in this case **May 24, 2017**.  Paragraph 4 requires that a

copy of the Acknowledgment Form be submitted to opposing parties and another copy be

submitted to the Court together with the *ex parte* settlement letter.  Pursuant to the instructions in

the Standing Order, the parties should email these materials to

CottNYSDChambers@nysd.uscourts.gov.

Paragraph 3 of the Standing Order requires that if plaintiff has not already made a demand, he must do so no later than 14 days prior to the conference, and defendants shall respond no later than 7 days thereafter.

Finally, if defendants intend to claim a financial inability to pay defense, prior to the conference they should make available to plaintiff any records on which they intend to rely, to the extent they have not already done so.

**SO ORDERED.**

Dated: New York, New York
       April 18, 2017

_____
JAMES L. COTT
United States Magistrate Judge

Revised September 6, 2013

**Standing Order for All Cases Referred for Settlement
to Magistrate Judge James L. Cott**

Chambers                                    Courtroom
500 Pearl Street, Room 1360                 500 Pearl Street, Room 21-D
United States Courthouse                    United States Courthouse
New York, NY 10007                          Southern District of New York
Telephone: (212) 805-0250                   New York, NY 10007
Facsimile: (212) 805-7990
CottNYSDChambers@nysd.uscourts.gov

> "You never really understand a person until you consider
> things from his point of view – until you climb into his
> skin and walk around in it."  (Atticus Finch in To Kill A
> Mockingbird)

Introduction

        The Court believes the parties should fully explore settlement at the earliest
practical opportunity.  Early consideration of settlement allows the parties to
avoid the substantial cost, expenditure of time, and uncertainty that are typically
a part of the litigation process.  Even for those cases that cannot be resolved, early
consideration of settlement can provide the parties with a better understanding of
the factual and legal nature of their dispute and streamline the issues to be
litigated.

        Consideration of settlement is a serious matter that requires thorough
preparation prior to the settlement conference.  It also requires the earnest
consideration of the other side's point of view, as the quote above suggests.   Set
forth below are the procedures the Court will require the parties and counsel to
follow and the procedures the Court typically will employ in conducting the
conference.

1.      Confidential Nature of Conference.  All settlement conferences are "off the
        record."  All communications relating to settlement are strictly confidential
        and may not be used for any purpose. They are not to be used in discovery
        and will not be admissible at trial.

2.      Magistrate Judge's Role.  The magistrate judge functions as a mediator,
        attempting to help the parties reach a settlement.  Efficient use of this
        process requires that counsel and their clients be (a) prepared for the
        conference, and (b) candid with the mediator.

1

3.   <u>Ex Parte Settlement Letter</u>.  Unless otherwise ordered by the Court, no later than <u>five (5) business days before the conference</u>, counsel for each party must send the Court <u>by e-mail</u> a letter, marked "Confidential Material for Use Only at Settlement Conference," which should not be served on the other parties.  <u>The letter should be sent to CottNYSDChambers@nysd.uscourts.gov.</u>[1]  This <u>ex</u> <u>parte</u> letter must not exceed ten (10) pages, unless permission to do so has been granted by the Court.  The letter should include, at a minimum, the following: (a) the history of settlement negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the Court in preparation for the conference.[2]  The reason the letter is to be submitted <u>ex parte</u> is to ensure that counsel are candid with the Court as to the strengths and weaknesses of their case, and to provide a realistic assessment of the litigation risks each party faces were the case to be resolved on the merits.

If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party <u>no later than 14 days prior to the conference</u>.  If it has not already done so, the opposing party shall respond to any demand <u>no later than 7 days thereafter</u>.  The parties should not wait for the settlement conference to commence negotiations of a resolution of their dispute.

4.   <u>Acknowledgment Form</u>.  Counsel shall complete the Acknowledgment Form that appears following this Standing Order.  <u>This Form must be submitted at the same time as the Ex Parte Settlement Letter</u> by e-mail to <u>CottNYSDChambers@nysd.uscourts.gov</u> as a .pdf attachment <u>with a copy simultaneously e-mailed to all counsel of record who will be participating in the settlement conference</u>.  No hard copy of the Acknowledgment Form needs to be sent to the Court.[3]

---

[1]      If a party is not able to send the letter by e-mail, it may, with prior approval of Chambers, fax the letter.

[2]      If a letter is accompanied by attachments exceeding 10 pages in length, the submitting party shall hand deliver a hard copy of the letter plus attachments to the Court, consistent with Rule I.D. of the Court's Individual Practices.

[3]      To be crystal clear, the Court expects a party to send the Ex Parte Settlement Letter in one e-mail just to the Court, and to send a separate e-mail to the Court, copying all other counsel, with the Acknowledgment Form.

5.   <u>Attendance of Parties Required</u>.  The parties – not just the attorneys – must attend in person.  A party's attendance is essential to the settlement process.  It is vital that parties hear the other side's presentation and have the opportunity to speak with the mediator outside the presence of any adversary.  If a party resides more than 100 miles from the Courthouse <u>and</u> it would be a great hardship for the party to attend in person, upon written application in advance of the conference in the form of a letter-motion to be filed on ECF, I will sometimes excuse that party's presence but I will require that party to be available by telephone throughout the settlement conference.  Each party must supply its own simultaneous interpreter (who need not have any special certification), if required.  The Court does not provide interpreters for settlement conferences.

Corporate parties or labor unions must send the person with decision-making authority who gives directions to counsel of record (not someone who has received settlement authority from someone else).  Where liability insurance is involved, a decision-making representative of each carrier must attend in addition to the insured.  This includes each excess carrier unless specifically excused by the Court at least one week before the conference.  Because it is important that the decision-makers with respect to settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends must be the person with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed by another person with respect to his or her authority to settle.  That is, <u>corporate parties, labor unions, and insurance companies (or any other party that is not a natural person) must send to the conference the person ultimately responsible for giving settlement authority</u>, not someone who has received authority from someone else.

<u>Where any government agency is a party</u>, counsel of record must be accompanied by a knowledgeable representative from the agency (or, if the agency official with knowledge is more than 100 miles from the Courthouse, the official must be available to participate by telephone).  In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.

6.   <u>Consequences of Non-Compliance with Attendance Requirements</u>.  If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from each insurance carrier), that party

may be required to reimburse all the other parties for their time and travel expenses, and may face other sanctions.

7.  <u>Conference Procedures</u>.  Unless advised otherwise by the Court, the conference will take place in Courtroom 21D at 500 Pearl Street.  At the outset of the mediation, each attorney should be prepared to make a brief presentation in the presence of each other and the parties, summarizing not merely a party's positions, but the party's interests as well.  Written remarks read aloud are usually ineffective.  Counsel are also reminded not to treat their opening remarks as if they were the equivalent of a jury address.  While there is no formula for the most effective presentation, counsel should consider addressing (a) the most important issues of fact and law, (b) the most recent offer or demand communicated to opposing counsel, and (c) any other matters that may help to advance settlement. The merits of the case are obviously relevant to the value of a potential settlement, but settlement conferences are not the place to make legal arguments.  Discussion, if any, of legal issues should be offered solely in the context of settlement, not litigation.  Counsel should gear their presentation to the opposing party, not the Court.

Following the presentations, the Court will, in some circumstances, allow counsel to respond to points made by opposing counsel and, if appropriate, to pose constructive questions.  Clients may speak too if so desired.  The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to discover creative means for resolving the dispute.

After the initial "joint session," in most mediations the Court will spend the rest of the time meeting separately with each side.  In these private meetings, the parties and their counsel should be prepared to discuss their position on settlement, the reasons for their position, the amount of attorneys' fees and litigation expenses incurred to date, and an estimate of the remaining cost of litigating the case to judgment, including any appeal.

8.  <u>Adjournments of Settlement Conferences</u>.  A party may make a written application by letter-motion filed on ECF consistent with Rule I.E. of the Court's Individual Practices to adjourn or advance the date of the settlement conference without providing cause as long as the application for a change in date is made at least two weeks prior to the scheduled conference date.  Otherwise, counsel should set forth the reasons for seeking the change in date and must make the application by letter-motion as soon as counsel becomes aware of the need of or potential need for the change.  In addition, the parties are required to seek a change in the date if (a) an adjournment would permit necessary discovery or exchange of information that would make the conference more fruitful, or (b) a client

4

who would otherwise be permitted to participate by telephone would be available to attend the conference were it held on another date. Requests for an adjournment on the eve of the scheduled settlement conference are strongly disfavored and not likely to be granted. In no circumstances will a telephone request for an adjournment be entertained.

To seek a change in date, the party should first consult with all other counsel as to their and their clients' (and insurers' if applicable) availability on at least three dates. Counsel should thereupon contact Deputy Clerk David Tam at (212) 805-0250 between 10 a.m. and 4 p.m. to determine whether the Court is available for a settlement conference on any of those dates. The party must then file forthwith on ECF, as a letter-motion, a request to adjourn the settlement conference to the agreed-upon date and time. The conference date will not be deemed changed until Chambers receives the letter-motion and it is approved by the Court.

9.  Settlement in Advance of Mediation. If all parties advise the Court in writing that the case has settled prior to the scheduled conference, I will ordinarily adjourn the conference sine die. In these circumstances, the parties should file a letter-motion on ECF requesting an adjournment of the settlement conference sine die, and the Court will then issue a text-only order.

10. No Effect on other Deadlines. The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

**SO ORDERED.**

JAMES L. COTT
United States Magistrate Judge

Dated: New York, New York
       September 6, 2013

5

ACKNOWLEDGMENT FORM                              (Revised September 6, 2013)

Complete this form (please print or type) or its equivalent, sign and date it, and send it by e-mail to
CottNYSDChambers@nysd.uscourts.gov as a .pdf attachment (for receipt no later than five business days
prior to the conference) (1) to all other attorneys who will be attending the conference and (2) to Judge
Cott. Please read the certifications below carefully as your signature indicates your compliance with
them.

**Name of Case:**
**Docket Number:**        __ Civ. __ (__) (JLC)

I acknowledge that my client and I must attend a settlement conference on _____ __, 20__ at
__:__ _.m. in Courtroom 21-D, United States Courthouse, 500 Pearl Street, New York, New York.

1.      I am attorney for _____
[state name of party/also state whether party is plaintiff or defendant].

                (For corporate or other non-individual clients): The name of the representative of my
client who will attend the conference is:_____ ____ ____ ____ _____. The
title of this representative is:_____ ____ _____ ____ _____.

                If applicable (for insurance carrier): The name of the representative of the insurance carrier who
will attend the conference is:_____ ____ _____ _____

2.      CHECK ONE LINE BELOW:

        a.      ____ The above-named individual will attend in person.

        b.      ____ The above-named individual will attend by telephone because I certify that (1) such
                individual lives and works more than 100 miles from the Courthouse (or, if my client is
                not an individual, the client's decision-maker lives and works more than 100 miles from
                the Courthouse), and (2) it would be a great hardship for this individual to attend a
                settlement conference on this or any other date. This individual understands that he or
                she must participate by telephone without interruption for the duration of the conference.

3.      I certify that the person attending the conference (in person or by telephone) is the person with
        ultimate responsibility for determining the settlement amount: that is, the person responsible for
        giving settlement authority, not someone who has received authority from another person. In
        addition, if there is an insurance carrier with authority over settlement, a representative from such
        carrier with complete responsibility over settlement will be present in person or by telephone.

4.      I certify that I have read both the Court's Order scheduling this conference as well as the
        "Standing Order for All Cases Referred for Settlement to Magistrate Judge Cott."

Dated: _____ _____

                        _____ _
                        [signature of attorney]

                        _____
                        [print attorney's name]

6